FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2002 FEB 12 P 3:31
AT BALTIMORE
____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY LEE SCOTT           :
                           :
       v.                  :   CIVIL ACTION NO. JFM-02-356
                           :
GREYHOUND LINES, INC.      :
             ..oOo..

**<u>MEMORANDUM</u>**

This *pro se* 28 U.S.C. § 1332 complaint for $990.000.00 in damages, resting in contract, was filed against Greyhound Bus Lines on February 4, 2002. Scott alleges that he had an unreserved bus seat ticket to travel to Bally's Casino in Atlantic City, New Jersey for business purposes on June 1, 2001. He seemingly complains that when he attempted to board the Greyhound bus at the Baltimore, Maryland downtown terminal, he was denied a seat because 20 empty seats were set aside for passengers boarding at the Baltimore, Maryland Travel Plaza terminal. Scott claims that he had to take a later bus and missed his appointment, as he arrived in Atlantic City some 70 minutes after he was to meet the business associate on the Atlantic City Boardwalk. Because he appears indigent, plaintiff shall be granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

This complaint shall be dismissed for the failure to state a claim. I see no need to delve into the issues of common-carrier

contract law. Plaintiff acknowledges that he had an unreserved bus ticket. This does not guarantee him a seat on a particular bus or create a particular contractual duty or obligation on the part of Greyhound to provide him a seat on a specific bus.[1] Arguably, plaintiff had the options of traveling on an earlier bus or rescheduling the meeting for a later time.

Moreover, I find that the Court lacks subject matter jurisdiction over the matter. Under 28 U.S.C. § 1332 the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff missed a "business" meeting on June 16, 2001 and seeks a little less than one million dollars in damages. It does not appear to this Court within a legal certainty that the actual damages set out by the plaintiff meet the jurisdictional amount under 28 U.S.C. § 1332. *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).

A separate Order shall be entered reflecting the opinion set out herein.

_____                    _____
Date                                       J. Frederick Motz
                                           United States District Judge

2

---

[1] Moreover, even if plaintiff had a reserved seat on the bus, Greyhound Lines may operate under common-carrier tariff regulations which limit liability in such circumstances to the refund of the ticket price.